# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY SHANNON** | \| | **Case Number** |
| **&** | \| | |
| **KELLY A. SHANNON** | \| | |
| **Plaintiffs** | \| | |
| | \| | |
| **vs.** | \| | **CIVIL COMPLAINT** |
| | \| | |
| **TRANS UNION, LLC** | \| | |
| **&** | \| | |
| **EXPERIAN INFORMATION** | \| | |
| **SOLUTIONS, INC.** | \| | |
| **&** | \| | |
| **EQUIFAX INFORMATION** | \| | |
| **SERVICES, LLC** | \| | |
| **&** | \| | |
| **HILTON RESORTS** | \| | |
| **CORPORATION** | \| | |
| **&** | \| | |
| **WELLS FARGO BANK, N.A.** | \| | |
| **&** | \| | |
| **JPMORGAN CHASE BANK** | \| | |
| **&** | \| | |
| **BANK OF AMERICA** | \| | |
| **CORPORATION** | \| | |
| **&** | \| | |
| **CITIBANK, N.A.** | \| | |
| **&** | \| | |
| **DISCOVER BANK** | \| | |
| **&** | \| | |
| **ALLTRAN FINANCIAL, LP** | \| | |
| **Defendants** | \| | **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiffs, Jeffrey Shannon and Kelly A. Shannon, by and through their undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

1

# I. <u>INTRODUCTORY STATEMENT</u>

1.      Plaintiffs, Jeffrey Shannon and Kelly A. Shannon, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, as well as for relief from Defamation of Character.

# II. <u>JURISDICTION & VENUE</u>

2.      Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

# III. <u>PARTIES</u>

4.      Plaintiff, Jeffrey Shannon (hereinafter referred to as "Plaintiff Mr. Shannon") is an adult natural person residing at 80 Yellowwood Drive, Downingtown, Pennsylvania 19335.

5.      Plaintiff, Kelly A. Shannon (hereinafter referred to as "Plaintiff Ms. Shannon") is an adult natural person residing at 80 Yellowwood Drive, Downingtown, Pennsylvania 19335.

6.      Defendant, Trans Union, LLC (hereafter, Defendant Trans Union), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

7.      Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

8.      Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company

engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

9.      Defendant, Hilton Resorts Corporation (hereinafter referred to as "Defendant Hilton"), at all times relevant hereto, is and was a corporation engaged in the business of consumer lending with an address of 6355 Metrowest Boulevard, Suite 180, Orlando, Florida 32835.

10.      Defendant, Wells Fargo Bank, N.A. (hereinafter referred to as "Defendant Wells"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 100 N. Main Street, Winston-Salem, North Carolina 27101.

11.      Defendant, JPMorgan Bank (hereinafter referred to as "Defendant JPMorgan"), at all times relevant hereto, is and was a limited liability company engaged in the business of consumer lending with an address of 201 North Walnut Street, Wilmington, Delaware 19801.

12.      Defendant, Bank of America Corporation (hereinafter referred to as "Defendant BOA"), at all times relevant hereto, is and was a corporation engaged in the business of consumer lending with an address of 1200 South Pine Island Road, Plantation, Florida 33324.

13.      Defendant, Citibank, N.A. (hereinafter referred to as "Defendant Citi"), at all times relevant hereto, is and was a corporation engaged in the business of consumer lending with an address of 701 East 60th Street North, Sioux Falls, South Dakota 57104.

14.      Defendant, Discover Bank (hereinafter referred to as "Defendant Discover"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 502 East Market Street, Greenwood, Delaware 19950.

15.      Defendant, Alltran Financial, LP (hereinafter referred to as "Defendant Alltran"), at all times relevant hereto, is and was a company engaged in the business of debt collection with an address of 5800 North Course Drive, Houston, Texas 77072.

## IV. <u>FACTUAL ALLEGATIONS</u>

16.     Plaintiffs have been disputing the accuracy of the trade lines associated with alleged accounts with Defendants Hilton ending in -0020 (hereinafter referred to as the "alleged account with Defendant Hilton"), Wells ending in -0918**** (hereinafter referred to as the "alleged account with Defendant Wells"), Chase ending in 0724**** (hereinafter referred to as the "alleged account with Defendant Chase"), BOA ending in 0847**** (hereinafter referred to as the "alleged account with Defendant BOA"), Citi ending in 8553**** (hereinafter referred to as the "alleged account with Defendant Citi") and Discover ending in -6817**** (hereinafter referred to as the "alleged account with Defendant Discover ") with Defendants Trans Union, Experian and Equifax for the past eighteen (18) months.

17.     On or about December 4, 2019, Defendant Hilton sent correspondence to Plaintiffs stating they had a past due balance of $602.

18.     On or about January 7, 2020, Defendant Trans Union reported on Plaintiffs' credit reports that Plaintiff Ms. Shannon's alleged account with Defendant Chase had a balance of $13,790, while Defendant Equifax reported on Plaintiff Mr. Shannon's credit report that Plaintiff Ms. Shannon's alleged account with Defendant Chase had a balance of $13,985, notwithstanding Plaintiffs' disputes of this inaccurate credit information.

19.     On or about January 7, 2020, Defendant Trans Union reported on Plaintiff Ms. Shannon's credit report that Plaintiff Ms. Shannon's alleged account with Defendant Discover had a balance of $6,642, while Defendant Discover had sent Plaintiff Ms. Shannon correspondence indicating that Plaintiff Ms. Shannon had a balance of $6,769.

20.     On or about February 3, 2020, Defendant Experian changed their reporting on Plaintiff Ms. Shannon's credit report to inaccurately reflect that Plaintiffs' alleged account with Defendant Hilton had a past due balance of $464.

21.     On or about March 13, 2020, Defendants Trans Union and Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had a balance of $21,284, while Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had a balance of $21,518, notwithstanding Plaintiff Ms. Shannon's disputes of this inaccurate credit information.

22.     On or about March 13, 2020, Defendants Trans Union and Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had a past due balance of $1,140, while Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had a past due balance of $1,595, notwithstanding Plaintiff Ms. Shannon's disputes of this inaccurate credit information.

23.     On or about March 23, 2020, Defendants Trans Union and Experian reported on Plaintiff's Ms. Shannon's credit report that Plaintiff Ms. Shannon's alleged account with Defendant Chase had a balance of $14,373, while Defendant Equifax reported on Plaintiff Ms. Shannon's credit report that Plaintiffs' alleged account with Defendant Chase had a balance of $14,183, notwithstanding Plaintiff Ms. Shannon's disputes of this inaccurate credit information.

24.     On or about March 23, 2020, Defendants Trans Union and Experian reported on Ms. Shannon's credit report that Plaintiff Ms. Shannon's alleged account with Defendant Chase had a past due balance of $996, while Defendant Equifax reported on Plaintiff Ms. Shannon's credit that Plaintiff Ms. Shannon's alleged account with Defendant Chase had a past due balance of $661, notwithstanding Plaintiff Ms. Shannon's disputes of this inaccurate credit information.

25.    On or about April 15, 2020, despite their previous reporting and notwithstanding the Plaintiffs' disputes, Defendant Trans Union changed their reporting on Plaintiff Ms. Shannon's credit to inaccurately reflect that Plaintiff Ms. Shannon's alleged account with Defendant Chase had a balance of $14,350.

26.    On or about May 11, 2020, Defendants Trans Union and Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells had a balance of $19,181, while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells had a balance of $19,376, notwithstanding Plaintiff Ms. Shannon's disputes of this inaccurate credit information.

27.    On or about May 11, 2020, Defendants Trans Union and Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells had a high balance of $19,181, while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells had a high balance of $19,376, notwithstanding Plaintiff Ms. Shannon's disputes of this inaccurate credit information.

28.    On or about May 11, 2020, Defendants Trans Union and Experian reported on Plaintiff Ms. Shannon's credit report that Plaintiffs' alleged account with Defendant Chase was 30 days late in December 2019, while Defendant Equifax reported on Plaintiff Ms. Shannon's credit that Plaintiff Ms. Shannon's alleged account with Defendant Chase had an "OK" payment history for the same month, notwithstanding Plaintiff Ms. Shannon's disputes of this inaccurate credit information.

29.    On or about May 11, 2020, Defendants Trans Union and Experian reported on Plaintiff Ms. Shannon's credit that Plaintiff Ms. Shannon's alleged account with Defendant Chase had a past due balance of $1,668 while Defendant Equifax reported on Plaintiff Ms. Shannon's

credit that Plaintiff Ms. Shannon's alleged account with Defendant Chase had NO PAST DUE BALANCE.

30.    On or about May 11, 2020, Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had a balance of $21,741 while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had NO BALANCE.

31.    On or about May 11, 2020, Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA was 30 days late in December 2019 while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had an OK payment history for the same month.

32.    On or about May 11, 2020, Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had a past due balance of $2,042 while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had NO PAST DUE BALANCE.

33.    On or about June 3, 2020, despite their previous reporting and notwithstanding the Plaintiff Ms. Shannon's disputes, Defendant Experian changed their reporting to inaccurately reflect that Plaintiff Ms. Shannon's alleged account with Defendant BOA had a balance of $20,727.

34.    On or about June 3, 2020, despite their previous reporting and notwithstanding Plaintiffs' disputes, Defendant Experian changed their reporting to inaccurately reflect that Plaintiff Ms. Shannon's alleged account with Defendant Chase was 30 days late in December 2019.

35.     On or about June 16, 2020, Defendants Trans Union and Experian reported on Plaintiff Ms. Shannon's credit that Plaintiffs' alleged account with Defendant Chase had a past due balance of $14,678 while Defendant Equifax reported on Plaintiff Ms. Shannon's credit that Plaintiff Ms. Shannon's alleged account with Defendant Chase had NO PAST DUE BALANCE.

36.     On or about June 16, 2020, Defendants Trans Union and Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had a past due balance of $21,920 while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had a past due balance of $2,497.

37.     On or about June 16, 2020, Defendants Trans Union and Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant Citi had a past due balance of $1,011 while Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant Citibank had a past due balance of $1,161.

38.     On or about July 30, 2020, despite their previous reporting and notwithstanding Plaintiffs' disputes, Defendant Experian changed their reporting to inaccurately reflect on Plaintiff Ms. Shannon's credit that Plaintiff Ms. Shannon's alleged account with Defendant Chase was 30 days late in December 2019.

39.     On or about August 13, 2020, despite the fact that Defendant Equifax had been reporting inaccurate information regarding Plaintiff Ms. Shannon for months, Defendant Equifax incredulously responded to Plaintiff Ms. Shannon's dispute letter by sending Plaintiff Ms. Shannon a letter wherein they claimed they "were unable to find your credit file in our database."

40.     On or about September 8, 2020, Plaintiff Ms. Shannon sent Defendant Equifax a copy of her Equifax credit report, social security card and a utility bill along with a dispute letter in an attempt to help Defendant Equifax "find" her "credit file in [their] database."

41.     On or about September 23, 2020, despite the fact that Defendant Equifax had been reporting inaccurate information regarding Plaintiff Ms. Shannon for months, and despite Plaintiff Ms. Shannon sending Defendant Equifax a copy of her Equifax credit report, social security card and a utility bill, Defendant Equifax incredulously responded to Plaintiff Ms. Shannon's dispute letter by sending Plaintiff Ms. Shannon another letter wherein they claimed they "were unable to find your credit file in our database."

42.     On or October 15, 2020, Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA was 30 days late in December 2019 while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had an OK payment history for the same month.

43.     On or about October 19, 2020, Plaintiff Ms. Shannon again sent Defendant Equifax another copy of her Equifax credit report, social security card and a utility bill in an attempt to help Defendant Equifax "find" her "credit file in [their] database."

44.     On or about October 19, 2020, Plaintiff Ms. Shannon made a $50 payment to Defendant Discover.

45.     On or about November 1, 2020, despite the fact that Defendant Equifax had been reporting inaccurate information regarding Plaintiff Ms. Shannon for months, and despite Plaintiff Ms. Shannon twice sending Defendant Equifax a copy of her Equifax credit report, social security card and a utility bill, Defendant Equifax incredulously responded to Plaintiff Ms. Shannon's dispute letter by sending Plaintiff Ms. Shannon yet another letter wherein they claimed they "were unable to find your credit file in our database."

46.     On or about November 12, 2020, Plaintiff Ms. Shannon made a $175 payment to Defendant BOA.

47.     On or about November 16, 2020, Plaintiff Ms. Shannon disputed the trade lines of Defendants Discover and BOA with Defendants Trans Union, Experian and Equifax, specifically advising them that the reported balances were incorrect as to both of these accounts and that she had sent a $50 payment to Defendant Discover and a $175 payment to Defendant BOA.

48.     On or about December 17, 2020, despite these payments and the resulting balance changes as to the alleged accounts with Defendants Discover and BOA, the credit reporting of Defendants Trans Union and Experian did not identify the actual payments being made.

49.     On or about December 17, 2020, Defendant Experian reported that the alleged account with Defendant BOA had charged off in June 2020, while Defendant Trans Union reported that the alleged account with Defendant BOA had not charged off until August 2020.

50.     On or about January 8, 2021, Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA was 30 days late in December 2019 while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had an OK payment history for the same month.

51.     On or about January 8, 2021, Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA was had an OK payment history until May 2020, when the account allegedly suddenly became 120 days late.

52.     On or about January 8, 2021, Defendants Trans Union and Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant Citi had a past due balance of $1,671 while Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant Citi had a past due balance of $1,773.

53.     On or about January 18, 2021, Plaintiff Ms. Shannon yet again sent Defendant Equifax a copy of her Equifax credit report, social security card and a utility bill in an attempt to help Defendant Equifax "find" her "credit file in [their] database."

54.     On or about March 3, 2021, Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA was 30 days late in December 2019 while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had an OK payment history for the same month.

55.     On or about March 3, 2021, Defendant Equifax continued to report that Plaintiff Ms. Shannon's alleged account with Defendant BOA had an OK payment history until May 2020, when the account allegedly suddenly became 120 days late.

56.     On or about March 3, 2021, Defendant Experian reported on Plaintiffs' credit reports that Plaintiff's alleged account with Defendant Hilton had a balance of $6,670 and a past due balance of $2,787.

57.     On or about March 12, 2021, Plaintiff Ms. Shannon received correspondence from Defendant Alltran, who was collecting for Defendant Citi, indicating that Citibank would accept $2,370.90 in three payments to settle the alleged account.

58.     Shortly thereafter, Plaintiff Ms. Shannon paid $793.70 and then made two additional payments of $790.30 each to Defendant Alltran.

59.     Plaintiff Ms. Shannon paid Defendant Alltran the total settlement amount and owes NO BALANCE to Defendant Alltran or Defendant Citi.

60.     By letter dated March 30, 2021, Defendant Alltran made false, unfair, unconscionable, deceptive and misleading representations in connection with the debt collection by attempting to collect an amount not authorized by any agreement nor permitted by law.

61.     Since June 2021 and notwithstanding the Plaintiff Ms. Shannon's disputes, Defendants Trans Union, Experian and Equifax changed their reporting to inaccurately reflect that Plaintiff Ms. Shannon's alleged account with Defendant Citi had a balance.

62.     On or about June 4, 2021, Defendants Trans Union Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells was $2,177 past due, while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells was $2,562 past due, notwithstanding Plaintiff Ms. Shannon's disputes of this inaccurate credit information.

63.     On or about June 4, 2021, Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells was 30 days late in November 2019, while Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells had an OK payment history for the same month.

64.     On or about June 4, 2021, Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells was 30 days late in December 2019, while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells had an OK payment history for the same month.

65.     On or about June 4, 2021, Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA was 30 days late in December 2019 while Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant BOA had an OK payment history for the same month.

66.     On or about June 4, 2021, Defendant Experian reported on Plaintiff Ms. Shannon's credit reports that Plaintiffs' alleged account with Defendant Hilton had a balance of $5,675 and a past due balance of $638.

67.    On or about June 4, 2021, Defendant Experian reported on Plaintiff Mr. Shannon's credit reports that Plaintiffs' alleged account with Defendant Hilton had a balance of $5,675 and a past due balance of $638.

68.    Plaintiffs have NO BALANCE with Defendant Hilton despite the credit reporting by Defendant Experian indicating otherwise.

69.    On or about July 20, 2021, Defendant Equifax reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells was 30 days late in December 2019, while Defendant Experian reported that Plaintiff Ms. Shannon's alleged account with Defendant Wells had an OK payment history for the same month.

70.    On or about August 4, 2021, Defendants Discover and Wells reported to Defendant Equifax that Plaintiff Ms. Shannon's alleged accounts with Defendants Discover and Wells had NO BALANCE, NO PAST DUE BALANCE and an OK payment history.

71.    On or about August 16, 2021, Defendants Discover and Wells continued to report to Defendant Equifax that Plaintiff Ms. Shannon's alleged accounts with Defendants Discover and Wells had NO BALANCE, NO PAST DUE BALANCE and an OK payment history.

72.    Plaintiff Ms. Shannon disputed the accuracy of the trade lines of Defendant Hilton with Defendant Experian six (6)  times, namely, on or about July 20, 2020, September 8, 2020, October 15, 2020, November 16, 2020, January 8, 2021 and March 3, 2021.

73.    Plaintiff Mr. Shannon disputed the accuracy of the trade lines of Defendant Hilton with Defendant Experian two (2)  times, namely, on or about January 7, 2020 and July 21, 2021.

74.    In each of Plaintiff Ms. Shannon's six (6) disputes regarding Plaintiffs' alleged account with Defendant Hilton, Plaintiff Ms. Shannon advised Defendant Experian that their credit

reporting as to this alleged account was inaccurate in that the reported balance and past due balance were incorrect.

75.     In each of Plaintiff Mr. Shannon's two (2) disputes regarding Plaintiffs' alleged account with Defendant Hilton, Plaintiff Ms. Shannon advised Defendant Experian that their credit reporting as to this alleged account was inaccurate in that the reported balance and past due balance were incorrect.

76.     Defendant Experian acknowledged receipt of Plaintiff Ms. Shannon's six (6) disputes regarding Plaintiffs' alleged account with Defendant Hilton.

77.     Defendant Experian acknowledged receipt of Plaintiff Mr. Shannon's two (2) disputes regarding Plaintiffs' alleged account with Defendant Hilton.

78.     It is believed and therefore averred that Defendant Experian notified Defendant Hilton of Plaintiff Ms. Shannon's six (6) disputes.

79.     It is believed and therefore averred that Defendant Experian notified Defendant Hilton of Plaintiff Mr. Shannon's two (2) disputes.

80.     Notwithstanding Plaintiffs' efforts, and following each of Plaintiff Ms. Shannon's six (6) disputes, Defendant Experian indicated their intent to continue publishing the inaccurate information regarding Plaintiffs' alleged account with Defendant Hilton and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

81.     Following each of Plaintiff Mr. Shannon's two (2) disputes, Defendant Experian indicated their intent to continue publishing the inaccurate information regarding Plaintiffs' alleged account with Defendant Hilton and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

14

82.     Plaintiff Ms. Shannon disputed the accuracy of the trade lines of Defendant Wells with Defendants Trans Union, Experian and Equifax twelve (12) times, namely, on or about February 13, 2020, March 23, 2020, May 11, 2020, June 18, 2020, July 30, 2020, September 8, 2020, October 15, 2020, November 16, 2020, January 8, 2021, March 3, 2021, June 4, 2021 and July 20, 2021.

83.     In each of her twelve disputes regarding Plaintiff Ms. Shannon's alleged account with Defendant Wells, Plaintiff Ms. Shannon advised Defendants Trans Union, Experian and Equifax that their credit reporting as to this alleged account was inaccurate in that the reported balance, high balance, past due balance and payment history were all incorrect.

84.     Defendants Trans Union, Experian and Equifax acknowledged receipt of each of Plaintiff Ms. Shannon's twelve disputes regarding Plaintiff Ms. Shannon's alleged account with Defendant Wells.

85.     It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendant Wells of each of Plaintiff Ms. Shannon's twelve (12) disputes.

86.     Notwithstanding Plaintiff Ms. Shannon's efforts, and following each of Plaintiff Ms. Shannon's twelve (12) disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information regarding Plaintiff Ms. Shannon's alleged account with Defendant Wells and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

87.     Plaintiff Ms. Shannon disputed the accuracy of the trade lines of Defendant Chase with Defendants Trans Union, Experian and Equifax twelve (12) times, namely, on or about January 7, 2020, February 13, 2020, March 23, 2020, May 11, 2020, June 18, 2020, July 30, 2020,

September 8, 2020, October 15, 2020, November 16, 2020, January 8, 2021, March 3, 2021 and June 4, 2021.

88.    Plaintiff Mr. Shannon disputed the accuracy of the trade lines of Defendant Chase with Defendants Trans Union and Equifax two (2) times, namely, on or about January 7, 2020 and July 21, 2021.

89.    In each of Plaintiff Ms. Shannon's twelve (12) disputes and in each of Plaintiff Mr. Shannon's two (2) disputes regarding Plaintiffs' alleged account with Defendant Chase, Plaintiffs advised Defendants Trans Union, Experian and Equifax that their credit reporting as to this alleged account was inaccurate in that the reported balance, past due balance and payment history was incorrect.

90.    Defendants Trans Union, Experian and Equifax acknowledged receipt of each of Plaintiff Ms. Shannon's twelve (12) disputes and Plaintiff Mr. Shannon's two (2) disputes regarding Plaintiffs' alleged account with Defendant Chase.

91.    It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendant Chase of each of Plaintiff Ms. Shannon's twelve (12) disputes.

92.    It is believed and therefore averred that Defendants Trans Union and Equifax notified Defendant Chase of each of Plaintiff Mr. Shannon's two (2) disputes.

93.    Notwithstanding Plaintiffs' efforts, and following each of Plaintiff Ms. Shannon's twelve (12) disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information regarding Plaintiff Ms. Shannon's alleged account with Defendant Chase and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

94.     Plaintiff Ms. Shannon disputed the accuracy of the trade lines of Defendant BOA with Defendants Trans Union, Experian and Equifax eleven (11) times, namely, on or about March 23, 2020, May 11, 2020, June 18, 2020, July 30, 2020, September 8, 2020, October 15, 2020, November 16, 2020, January 8, 2021, March 3, 2021, June 4, 2021 and July 20, 2021.

95.     In each of her eleven (11) disputes regarding Plaintiff Ms. Shannon's alleged account with Defendant BOA, Plaintiff Ms. Shannon advised Defendants Trans Union, Experian and Equifax that their credit reporting as to this alleged account was inaccurate in that the reported balance, payment history and past due balance were all incorrect.

96.     Defendants Trans Union, Experian and Equifax acknowledged receipt of each of Plaintiff Ms. Shannon's eleven (11) disputes regarding Plaintiff Ms. Shannon's alleged account with Defendant BOA.

97.     It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendant BOA of each of Plaintiff Ms. Shannon's eleven (11) disputes.

98.     Notwithstanding Plaintiff Ms. Shannon's efforts, and following each of Plaintiff Ms. Shannon's eleven (11) disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information regarding Plaintiff Ms. Shannon's alleged account with Defendant BOA and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

99.     Plaintiff Ms. Shannon disputed the accuracy of the trade lines of Defendant Citi with Defendants Trans Union, Experian and Equifax nine (9) times, namely, on or about June 18, 2020, July 30, 2020, September 8, 2020, October 15, 2020, November 16, 2020, January 8, 2021, March 3, 2021, June 4, 2021 and July 20, 2021.

100.   In each of her nine (9) disputes regarding Plaintiff Ms. Shannon's alleged account with Defendant Citi, Plaintiff Ms. Shannon advised Defendants Trans Union, Experian and Equifax that their credit reporting as to this alleged account was inaccurate in that the reported balance, past due balance and payment history were all incorrect.

101.   Defendants Trans Union, Experian and Equifax acknowledged receipt of each of Plaintiff Ms. Shannon's nine (9) disputes regarding Plaintiff Ms. Shannon's alleged account with Defendant Citi.

102.   It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendant Citi of each of Plaintiff Ms. Shannon's nine (9) disputes.

103.   Notwithstanding Plaintiffs' efforts, and following each of Plaintiff Ms. Shannon's nine (9) disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information regarding Plaintiff Ms. Shannon's alleged account with Defendant Citi and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

104.   Plaintiff Ms. Shannon disputed the accuracy of the trade lines of Defendant Discover with Defendants Trans Union, Experian and Equifax five (5) times, namely, on or about November 16, 2020, January 8, 2021, March 3, 2021, June 4, 2021 and July 20, 2021.

105.   In each of her five (5) disputes regarding Plaintiff Ms. Shannon's alleged account with Defendant Discover, Plaintiff Ms. Shannon advised Defendants Trans Union, Experian and Equifax that their credit reporting as to this alleged account was inaccurate in that the reported balance and past due balance was incorrect.

106.    Defendants Trans Union, Experian and Equifax acknowledged receipt of each of Plaintiff Ms. Shannon's five (5) disputes regarding Plaintiff Ms. Shannon's alleged account with Defendant Discover.

107.    It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendant Wells of each of Plaintiff Ms. Shannon's five (5) disputes.

108.    Notwithstanding Plaintiff Ms. Shannon's efforts, and following each of Plaintiff Ms. Shannon's five (5) disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information regarding Plaintiff Ms. Shannon's alleged account with Defendant Discover and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

109.    Defendants have never: (1) contacted Plaintiffs to follow up on, verify and/or elicit more specific information about Plaintiffs' disputes; nor (2) contacted any third parties that would have relevant information concerning Plaintiffs' disputes.

110.    Despite Plaintiffs' exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiffs.

111.    As of the date of the filing of this Complaint, Defendants Hilton, Wells, Chase, BOA, Citi and Discover continue to furnish credit data which is incorrect and materially misleading, and Defendants Trans Union's, Experian's and Equifax's reporting of the above-referenced trade lines continues to be incorrect and materially misleading.

112.    The Defendants acted with actual malice in willfully continuing to report incorrect and misleading information on Plaintiffs' credit, knowing full well that other creditors were accessing the Plaintiffs' credit report, all to the Plaintiffs' detriment and loss.

113.    Defendants' erroneous reporting continues to affect Plaintiffs' creditworthiness and credit score.

114.    As a result of Defendants' continued inaccurate credit reporting, Plaintiffs' credit score has dropped substantially, thereby causing Plaintiff Ms. Shannon to be denied the ability to refinance her mortgage, causing Ms. Shannon to be denied a credit card, causing Mr. Shannon to receive a elevated interest rate on his mortgage, and causing the Plaintiffs to refrain from applying for additional credit.

115.    As a result of Defendants' conduct, Plaintiffs have suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, cellular telephone minutes, postage, faxing and other related costs, all which will continue into the future to Plaintiffs' great detriment and loss.

116.    As a result of Defendants' conduct, Plaintiffs have suffered great physical, emotional and mental pain and anguish, and Plaintiffs will continue to suffer the same for an indefinite time into the future, all to Plaintiffs' great detriment and loss.

117.    As a result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiffs will continue to suffer the same for an indefinite time into the future, all to Plaintiffs' great detriment and loss.

118.    As a result of Defendants' conduct, Plaintiffs have suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiffs' credit file.

## COUNT I – FCRA

*Jeffrey Shannon v. Experian Information Services, Inc. & Hilton Resorts Corporation*
*&*
*Kelly A. Shannon v. All Parties*

119.    Plaintiffs incorporates the foregoing paragraphs as though the same were set forth at length herein.

120.    At all times pertinent hereto, Defendants Trans Union, Experian and Equifax were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a (b) and (f).

121.    At all times pertinent hereto, Defendants Hilton, Wells, Chase, BOA, Citi, Discover and Alltran were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

122.    At all times pertinent hereto, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. §1681a(c).

123.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

124.    Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Experian and Equifax are liable to the Plaintiffs for engaging in the following conduct:

(a)    Willfully and negligently failing to delete the inaccurate information from Plaintiffs' credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b)    Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c)      Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiffs' credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d)      Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e)      Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e (8).

125.    Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Hilton, Wells, Chase, BOA, Citi and Discover are liable to the Plaintiffs for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

126.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiffs that are outlined more fully above and, as a result, Defendants are liable to the Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against said Defendants, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. §1681n;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## **COUNT II – FDCPA**

*Kelly A. Shannon v. Alltran Financial, LP*

127.    Plaintiffs incorporates the foregoing paragraphs as though the same were set forth at length herein.

128.    At all times relevant hereto, Defendant Alltran were attempting to collect alleged debts which were incurred by Plaintiff Ms. Shannon for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

129.    The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§1692e:    Any other false, deceptive or misleading representation or means in connection with the debt collection

§1692e(2):    Character, amount, or legal status of the alleged debt.

§1692e(10):    Any false representation or deceptive means to collect a debt.

§1692f:    Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§1692f(1):    Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff Ms. Shannon respectfully pray that judgment be entered against the Defendant Alltran for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. §1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT III – DEFAMATION OF CHARACTER

*Kelly A. Shannon v. Trans Union, LLC, Equifax Information Services, LLC & Experian Information Solutions Inc.*
*&*
*Jeffrey Shannon v. Experian Information Solutions Inc.*

130.    Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

131.    Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiffs' credit history.

132.    Defendants have published the inaccurate information each time a credit report on the Plaintiffs have been requested from any creditor, prospective credit grantors, furnisher or other source.

133.    The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiffs' credit information, and paints Plaintiffs in a false financial light.

134.    Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiffs' credit report.

135.    The falsehoods within the trade lines of Hilton, Wells, Chase, BOA, Citi and Discover constitute falsehoods concerning Plaintiffs' credit history.

136.    Defendants knew or reasonably should have known that the information regarding the trade lines of Hilton, Wells, Chase, BOA, Citi and Discover which they have published and re-published on Plaintiffs' credit reports are incorrect and false as Plaintiffs have notified them of such.

137.    Defendants continue to publish the false and negative information within the trade lines of Hilton, Wells, Chase, BOA, Citi and Discover on Plaintiffs' credit history up through the present time.

138.    Defendants knew that the information within the trade lines of Hilton, Wells, Chase, BOA, Citi and Discover on Plaintiffs' credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

139.    The publications of the information within the trade lines of Hilton, Wells, Chase, BOA, Citi and Discover on Plaintiffs' credit report constitute libel *per se*.

140.    In addition, and despite the notices from Plaintiffs, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiffs to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiffs.

141.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiffs that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiffs for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against the aforementioned Defendants for the following:

a.      Actual damages;

b.      Statutory damages;

c.      Punitive damages;

d.      An order directing the Defendants immediately and permanently delete all of the

inaccurate information from Plaintiffs' credit reports and files and cease reporting

the inaccurate information to any and all persons and entities to whom they report

consumer credit information; and

e.      Such addition and further relief as may be appropriate or that the interests of

justice require.

## V.      JURY DEMAND

Plaintiffs hereby demands a jury trial as to all issues herein.


**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**


**Date: August 30, 2021**                    **BY: _/s/Brent F. Vullings bfv8435_**
                                             Brent F. Vullings, Esquire
                                             Vullings Law Group, LLC
                                             3953 Ridge Pike
                                             Suite 102
                                             Collegeville, PA 19426
                                             P: 610-489-6060
                                             F: 610-489-1997
                                             Attorney for Plaintiffs
                                             bvullings@vullingslaw.com